**O**

**JS-6**

cc: order, docket, remand letter to
San Bernardino Superior Court,
Rancho Cucamonga District, No. CIVRS1305204

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE COTTON,<br><br>　　　　Plaintiff,<br>　　v.<br><br>MASTEC NORTH AMERICAN, INC.; WILLIAM F. BOSWELL; MATRIX EXPEDITED SERVICE, LLC; RICHARD SCHLUCKBIER; DOES 1–100, inclusive,<br><br>　　　　Defendants. | Case No. 5:13-cv-01558-ODW (SPx)<br><br>**ORDER REMANDING CASE TO SAN BERNARDINO COUNTY SUPERIOR COURT; DENYING MOTION TO DISMISS AS MOOT [6]** |

On August 29, 2013, Defendant Mastec North America, Inc. removed this case to Central District of California, Eastern Division. (ECF No. 1.) The case was then reassigned to this Court. (ECF No. 7.) After carefully considering Mastec's Notice of Removal, the Court determines that Mastec has failed to satisfy its burden to establish federal jurisdiction. The Court therefore **REMANDS** this case to San Bernardino County Superior Court, case number CIVRS1305204.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and

federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the purposes of complete diversity, a natural person's citizenship is "determined by her state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship."). A limited-liability company is citizen of every state in which its members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

Mastec alleges in its Notice of Removal that "Plaintiff George Cotton is at was at all relevant times a citizen of the State of California," and cites to paragraph 1 of the Complaint. (Not. of Removal ¶ 8(a).) But in paragraph 1 of the Complaint, Plaintiff George Cotton states that he "is, and at all relevant times mentioned [therein], was, a *resident* of the city of Rancho Cucamonga, in the county of San Bernardino, California." (Not. of Removal Ex. A, ¶ 1. (emphasis added).) Cotton notably does not admit that he is a California citizen like Mastec suggests. While a party's residence may be prima facie evidence of that party's domicile when an action is brought in federal court in the first instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), residency alone is insufficient to establish

citizenship *on removal* in light of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857; *Gaus*, 980 F.2d at 567.

Further, Mastec alleges that "Defendant Matrix Expedited Service, LLC, on information and belief, was and is an active limited liability company organized under the laws of Michigan." (Not. of Removal ¶ 8(c).) But Mastec does state who Matrix's members are—let alone allege their respective citizenship. Simply alleging the laws under which Matrix was formed fails to satisfy Mastec's burden of establishing diversity jurisdiction. *See Johnson*, 437 F.3d at 899.

The Court therefore finds that Mastec has failed to establish federal jurisdiction and **REMANDS** this case to the San Bernardino County Superior Court, case number CIVRS1305204. Further, the Court notes that Mastec filed a Motion to Dismiss on August 29, 2013. (ECF No. 6.) Since the Court finds that it lacks jurisdiction over this case, the Motion is **DENIED AS MOOT**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

September 4, 2013

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**